# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

RONDALL J. COUNTS,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 13-CV-608-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Rondall J. Counts, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 3, 2010 and July 30, 2010, applications for disability benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held April 23, 2012. By decision dated May 22, 1012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 18, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset of disability and 50 on the date of the ALJ's denial decision. He has a high school education and formerly worked as delivery truck driver and lube tech. He claims to have been unable to work since November 6, 2007 as a result of degenerative disc disease, anxiety, substance abuse in remission, and depression.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the exertional requirements of light work with some postural limitations, is limited to performing simple one and two step tasks that do not require strong short-term memory abilities, and cannot relate effectively to the general public, but can relate superficially to coworkers and supervisors about work matters. Although Plaintiff is unable to return to his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative

sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ who conducted the hearing did not issue the decision; the ALJ erred in relying on the testimony of the vocational expert, whose testimony conflicted with the Dictionary of Occupational Titles (DOT), and the decision is not supported by substantial evidence.

## **Analysis**

### Signing of Decision

The signature block of the denial decision contains this information:

/s/ David W. Engel
for Charles Headrick

[R. 21]. Plaintiff argues that since ALJ Headrick conducted the hearing, but did not sign the decision, the case should be remanded. In support of this argument, Plaintiff cites the Commissioner's Hearings, Appeals, and Litigation Law Manual (HALLEX) §I-2-8-40[2] which provides that when an ALJ who conducted a hearing is not available to issue a decision, the case will be assigned to another ALJ who will decide whether another hearing will be held considering the criteria listed in HALLEX §I-2-8-40.

There is no basis for believing that ALJ Headrick did not make the decision in this case. The letter which accompanied the denial decision bears ALJ Headrick's name and recites: "I carefully reviewed the facts of the case and made the enclosed decision." [R.

---

[2] www.socialsecurity.gov/OP_Home/hallex/I-02/I-2-8-40.html

3

9-11]. Furthermore, on its face, the decision reflects only that the decision was signed by ALJ Engels <u>for</u> ALJ Headrick. [R. 21].

Even if non-compliance with the instructions in HALLEX may under some circumstances provide a basis for reversal,[3] this case does not present such a circumstance. There is no indication that Plaintiff was in any way harmed or prejudiced by the manner in which the decision was signed. Furthermore, HALLEX permits a decision to be approved by the hearing ALJ and be signed on the ALJ's behalf, so it does not appear that there was even a violation of HALLEX.[4]

Moreover, there is no merit to Plaintiff's argument that HALLEX requires a second hearing because his credibility was a significant factor in the decision. For cases where a decision is issued (not merely signed) by an ALJ other than the one conducting the hearing, HALLEX lists consideration of the claimant's credibility as a reason why a second hearing may be necessary. In this case even though credibility was a significant factor in the instant decision, Plaintiff does not challenge the credibility finding on appeal. Furthermore, the ALJ who conducted the hearing also made the credibility determination. Thus, Plaintiff has attempted to construct an argument that some technical error may have been committed but does not even argue that he was prejudiced by the alleged error. No

---

[3] HALLEX does not have the force of law. *See Schweiker v. Hansen*, 450 U.S. 785,789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981) (13 volume Claims Manual is a handbook for use by Social Security employees and has no legal force and does not bind the Social Security Administration); *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) (HALLEX manual is strictly an internal document).

[4] The unpublished decision appended to Plaintiff's brief, *Shumate v. Astrue*, No. 11-CV-4340-DW-SSA (W.D. Mo.) [Dkt. 26-1], presents a situation similar to this case. The district court in *Shumate* reversed and remanded the case where the decision was not signed by the ALJ who conducted the hearing. That decision has no precedential value. Further, the case was based on a view of prejudice to Plaintiff that is not in accord with the requirements of prejudice expressed by the Tenth Circuit. *See Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166 (10th Cir. 2012)(advocating the exercise of common sense and eschewing reversal for the correction of merely technical omissions in decision writing).

remand is required under these circumstances. The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Further, no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

<u>Vocational Expert Conflict with Dictionary of Occupational Titles (DOT)</u>

Among other limitations, the ALJ found Plaintiff was limited to performing work which requires understanding, remembering, and carrying out simple one and two step tasks that do not require strong short-term memory abilities. [R. 16]. The vocational expert testified that one with such limitations could perform the representative unskilled occupations of: small product assembler (DOT # 706.684-022), 1991 WL 679050; and production assembler (DOT # 706.687-010), 1991 WL 679074. [R. 20].

Plaintiff argues that the ALJ erred by relying on the vocational expert's testimony and by failing to resolve a conflict between the vocational expert's testimony and the DOT. The undersigned finds no error.

Social Security Ruling (SSR) 00-04p, 2000 WL 1898704, explains that the ALJ has the duty to ask the vocational expert about possible conflicts between the vocational expert's testimony and the DOT and to obtain a reasonable explanation for an apparent conflict. In this case the ALJ satisfied that obligation as the ALJ inquired and the vocational expert answered that her testimony was consistent with the DOT. [R. 49-50]. No conflict was apparent from the testimony and none was identified by Plaintiff's counsel at the hearing. Under these circumstances the ALJ has no further obligation to investigate. *See*

*Gibbons v Barnhart*, 85 Fed. Appx. 88, 93 (10th Cir. 2003). The undersigned finds that the ALJ did not err in relying on the vocational expert's testimony.

Plaintiff has also constructed an argument that the ALJ's decision is not supported by substantial evidence because the jobs identified by the vocational expert are listed in the DOT as having a reasoning level two.[5] According to Plaintiff, only a reasoning level one is consistent with the ALJ's RFC finding that Plaintiff is capable of carrying out simple one and two step tasks that do not require strong short-term memory abilities. [Dkt. 26, pp. 4-5].

The Tenth Circuit has not adopted the interpretation of the DOT reasoning levels that Plaintiff has advanced by citing Eighth Circuit cases.[6] In *Hacket v. Barnhart*, 395 F.3d

---

[5] The DOT identifies a level of General Educational Development which the DOT states embraces aspects of formal and informal education required of the worker for satisfactory job performance. DOT, Appendix C, General Education Development, 1991 WL 688702. One area addressed is "reasoning development." The DOT assigns each occupation a "reasoning level" which is rated from one (lowest level) to six (highest level). *Id.*

Reasoning level one is defined, as follows:

> Reasoning Level 1 – Apply commonsense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

*Id*. Reasoning level two is defined, as follows:

> Reasoning Level 2 – Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

*Id.*

[6] Plaintiff cites *Hulsey v. Astrue*, 622 F.3d 917 (8th Cir. 2010) and *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997) in support of the idea that only reasoning level one jobs are compatible with a limitation to carrying out simple instructions, whereas level two reasoning involves detailed instructions. Aside from the fact that these Eighth Circuit cases are not controlling, the Court's comments were dicta.

In *Hulsey*, the Court affirmed the Commissioner's denial decision and in so doing commented that only occupations with reasoning level one <u>necessarily</u> involve only simple instructions and "[a]t reasoning level two, occupations <u>might</u> necessitate applying 'commonsense reasoning to carry out detailed but uninvolved written or oral instructions'." *Hulsey* 622 F.3d at 923 (emphasis added). In *Lucy*, the Court reversed the Commissioner's decision because the ALJ erroneously applied the Medical-vocational Guidelines (Grids) where the Plaintiff suffered from borderline intellectual functioning. *Lucy*, 113 F.3d at 909.

1168, 1176 (10th Cir. 2005), the Court observed that level two reasoning appears to be consistent with an RFC for simple and routine work tasks. Further, in unpublished decisions, the Tenth Circuit has disagreed with the notion that a limitation to simple, repetitive, and routine work should be construed as a limitation to work at reasoning level one. *See Mendez v. Colvin*, —Fed.Appx. — (10th Cir. 2014), 2014 WL 5334027, at *6; *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2005). In the *Mendez* case, the Court cited *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) with approval. In *Carey*, the Fifth Circuit held that the ALJ can rely on the vocational expert testimony if there is adequate record support for doing so because "all kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation." *Mendez*, 2014 WL 5334027, at *6.

Here the ALJ posed a hypothetical question that limited Plaintiff to performing simple one and two step tasks that did not require strong short-term memory. In response the vocational expert identified the jobs discussed herein. The vocational expert also testified her testimony was consistent with the DOT. The vocational expert was not cross-examined on this point. In *Gibbons v. Barnhart*, 85 Fed. Appx. 88 (10th Cir. 2003), the Court stated it agreed with the Fifth Circuit in *Carey* that the categorical requirements of the DOT do not address every single situation and that:

> [C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Gibbons*, 85 Fed. Appx. at 93 (quoting *Carey*, 230 F.3d at 146-147). Taking into account the various Tenth Circuit pronouncements on the topic and the vocational expert's

7

testimony that her testimony did not conflict with the DOT, the undersigned concludes that the RFC limitation to simple one or two step tasks does not exclude performance of the identified occupations which have an assigned reasoning level two. The undersigned finds, therefore, that the vocational expert's testimony constitutes substantial evidence to support the ALJ's decision.

Plaintiff also argues that the hypothetical question to the vocational expert was flawed because the ALJ asked the vocational expert assume a high school education with the ability to use numbers. In the decision the ALJ found that Plaintiff had a limited education and Plaintiff asserts that the record reflects Plaintiff has a learning disability in math. The denial decision does contain the finding "claimant has a limited education." [R. 19]. Plaintiff testified, however, that he completed high school, can read and write, but has "an issue with numbers." [R. 31]. Plaintiff does not argue that his issue with numbers precludes the performance of the jobs identified by the ALJ.

The undersigned finds that the ALJ's hypothetical question to the vocational expert is supported by substantial evidence as the hypothetical question posed to the vocational expert was supported by Plaintiff's own testimony as to his educational level. Any scrivener's error in the decision as to the Plaintiff's educational level is harmless. Again, there is no basis for remanding a case to obtain a perfect opinion. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

Substantial Support in the Evidence

Plaintiff argues that the ALJ's decision is not supported by substantial evidence for a number of reasons. While Plaintiff has assembled quite a list of complaints, none of the listed factors require remand.

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ did not address the third party statements submitted by Plaintiff's wife.  Specific written findings about the credibility of each witness are not necessarily required, particularly when the written decision reflects the ALJ considered the testimony.  *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).  In this case the statement made by Plaintiff's wife was consistent with Plaintiff's testimony.  The ALJ found Plaintiff not credible for a variety of reasons which are not contested on appeal.  The undersigned finds that under these circumstances the ALJ's failure to specifically discuss  the third party report submitted by Plaintiff's wife is not reversible error.

The medical record reflects that Plaintiff was diagnosed with hepatitis C in February 2008, [R. 383], in a 2009 x-ray report it was stated that Plaintiff had mild degenerative joint disease in his hips, [R. 390, 391]; and a November 2005 lab report noted a high R/F factor indicative of rheumatoid arthritis, [R. 235].  Plaintiff argues that the ALJ erred in failing to discuss these records.  The ALJ is not required to discuss every piece of medical evidence in the record.  *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  Furthermore, the focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis.  *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir.

2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Plaintiff has not shown that these records demonstrate the existence of any limitations beyond those contained in the RFC.

The ALJ adopted the RFC finding made by Dr. Suzanne Roberts, M.D., a state agency consultant who reviewed Plaintiff's medical records and made a physical RFC assessment based on those records. [R. 475-482]. Dr. Roberts clearly considered the records Plaintiff mentions. In her narrative comments, Dr. Roberts noted complaints of hip pain and the diagnosis of hepatitis among Plaintiff's other complaints. [R. 476]. She also noted the objective findings of the absence of atrophy, joint deformity, and swelling. *Id.* The undersigned finds that Plaintiff has not demonstrated functional limitations stemming from the conditions noted in these records are greater than those listed in the RFC finding.

Dr. Hansen conducted a February 2010 neuropsychological evaluation for vocational rehabilitation purposes and found that Plaintiff had a significant elevation of depression and somatic symptoms. [R. 417]. Plaintiff argues that the ALJ erred in failing to discuss these medical findings. The ALJ discussed Plaintiff's depression and complaints of pain and clearly took those into account in formulating the RFC. In addition, the state agency expert, Janice B. Smith, Ph.D., who reviewed Plaintiff's record and submitted a Psychological Review Technique (PRT) form and Mental Residual Functional Capacity Assessment included Dr. Hansen's evaluation in her review. [R. 457-473]. Dr. Smith outlined Dr. Hansen's evaluation in the narrative portion of the assessment along with the other evidence and expressed the opinion that Plaintiff was able to work. [R. 473]. The undersigned finds that Dr. Hansen's opinion presents no reason to remand the case.

The ALJ noted the RFC conclusions reached by the physicians employed by the state Disability Determination Service support the finding of not disabled. [R. 19]. Plaintiff argues that these opinions should have been afforded the least weight and that these reviewing physicians did not consider the bulk of the medical evidence. [Dkt. 26, p. 9]. Plaintiff makes these statements without identifying what information the experts supposedly failed to consider or otherwise developing the argument. It is Plaintiff's duty on appeal to support his arguments with references to the record and to tie relevant facts to his legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). Plaintiff has not demonstrated that the ALJ erred in according weight to the opinions of the state Disability Determination Services consultants.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 17, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 3rd day of November, 2014.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE