# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONDALL J. COUNTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-608-GKF-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits [Dkt. #27] and the Objection thereto filed by plaintiff, Rondall J. Counts, III ("Counts"). [Dkt. #28]. The Magistrate Judge recommended the Commissioner's decision be affirmed. The Magistrate Judge found that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts, and that there is substantial evidence in the record to support the ALJ's decision. Counts objects to the Magistrate Judge's Report and Recommendation, arguing (1) the signature block suggests that the ALJ who presided at the hearing did not prepare the decision, (2) the ALJ did not resolve properly an alleged conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"), and (3) the ALJ failed to consider the third-party statement of claimant's wife, Diane Counts. For the reasons below, the court adopts the Magistrate Judge's recommendation and affirms the ALJ's denial of benefits.

## I. Procedural History

Counts filed applications for disability insurance benefits and supplemental security income benefits on July 3, 2010 and July 30, 2010, respectively. [R. 116-122]. The Social Security Administration denied the applications initially and on reconsideration. [R. 55-63, 68-73]. ALJ Charles Headrick held an administrative hearing on April 23, 2012. [R. 26-50]. By decision dated May 22, 2012, the ALJ found that Counts was not disabled. [R. 12-21]. On July 18, 2013, the Appeals Council denied review. [R. 1-5]. As a result, the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a *de novo* review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health &*

*Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992).

### III. The Signature Block

Counts's first objection relates to the signature block on the ALJ's decision, which reads in relevant part:

/s/ *David W. Engel*
for Charles Headrick_____
Charles Headrick
Administrative Law Judge

To Counts, this signature block suggests that Engel, another ALJ, prepared the decision instead of ALJ Headrick. [*See* Dkt. 28, pp. 2-5]. Counts cites internal SSI rules that govern situations in which the ALJ who presided over a hearing is unavailable to issue the decision. *See* Commissioner's Hearings, Appeals, and Litigation Law Manuel (HALLEX) § I-2-8-40. Counts argues the case should be reversed due to SSI's failure to follow these rules. [Dkt. 28, p. 5].

As the Magistrate Judge rightly observed, there "is no basis for believing that ALJ Headrick did not make the decision in this case." [Dkt. 27, p. 3]. The signature block suggests no more than it clearly states: that ALJ Engel *signed* ALJ Headrick's decision on behalf of his colleague, not that ALJ Engel prepared the decision. No other evidence has been presented that ALJ Headrick did not prepare the decision, making the HALLEX provisions Counts cites irrelevant.

### IV. Vocational Expert Testimony

Next, Counts objects to testimony offered by the vocational expert, Ms. Cox. Counts claims her testimony conflicted with the vocational information in the Dictionary of

Occupational Titles ("DOT").  Specifically, Counts claims that the vocational expert identified only jobs requiring a reasoning level 2 assessment.  Reasoning level 2 is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations."  DOT, App. C.  The ALJ's hypothetical to the vocational expert described an ability to "understand, remember and carry out simple one- and two-step tasks that do not require strong short-term memory abilities." [R. 16].  The ALJ's language on this point matches almost perfectly that of Dr. Janice B. Smith, the medical consultant who conducted Counts's mental residual functional capacity assessment. [R. 459 ("Claimant is able to understand, remember, and carry out simple one- and two-step tasks that do not require strong short-term memory abilities.")].  Counts considers this description to be more consistent with reasoning level 1, which is defined as the ability to "[a]pply commonsense understanding to carry out simple or one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."  DOT, App. C.  Thus, Counts argues, the vocational expert's testimony conflicted with the DOT, and the ALJ did not resolve that conflict before relying on the vocational expert's testimony.  Importantly, neither the ALJ nor Counts's counsel identified this potential conflict at the hearing.  The vocational expert also did not identify a conflict and stated her testimony was consistent with the DOT. [R. 50].  Of course, because the alleged conflict was not identified, the vocational expert offered no testimony to explain or resolve it.

      The vocational expert's testimony on this point goes to step five of the disability assessment, at which stage the burden of proof is on the Commissioner.  *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir. 1988).  Under Social Security Ruling ("SSR") 00-4p, the vocational

expert's testimony "generally should be consistent" with the DOT. When there is an "apparent unresolved conflict" between that testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict before relying on" the vocational expert's testimony. SSR 00-4p.

In the Tenth Circuit, an ALJ's failure to identify and resolve an apparent conflict between the DOT and the vocational expert's testimony is reversible error only if the record does not contain substantial evidence that the claimant can operate at the reasoning level required for the positions offered in the vocational expert's testimony. *See Gibbons v. Barnhart*, 85 Fed. Appx. 88, 93 (10th Cir. December 18, 2003) (unpublished) ("[t]o the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, . . . the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so" (quoting *Carey v. Apfel*, 230 F.3d 131, 146-147 (5th Cir. 2000)); *Liveoak v. Astrue*, 2013 WL 183710 at *12, *15 (N.D. Okla. January 17, 2013) (unpublished) (noting that the claimant's RFC supported the job descriptions cited by the vocational expert and citing *Gibbons* to hold that the ALJ had no further duty to investigate); *Hackett v. Barnhart*, 395 F.3d 1168, 1176-77 (10th Cir. 2005) (remanding to ALJ to resolve conflict when job descriptions offered by vocational expert required reasoning level three and claimant's RFC only supported a reasoning level two); *Mendez v. Colvin*, 2014 WL 5334027, at *6 (10th Cir. October 21, 2014) (unpublished) (no finding of error where "[n]othing in the DOT suggests these jobs are inconsistent with [claimant's] RFC"); *Cordova v. Astrue*, 2011 WL 3236077 at *3-*4 (D. Colo. July 28, 2011) (unpublished) (remanding because "ALJ was obligated to request an explanation of the inconsistency between level three reasoning and plaintiff's RFC"); *Martin v. Astrue*, 2011 WL 1103338, at *7 (D. Colo. March 24, 2011) (unpublished) (remanding because, unlike in *Gibbons* where claimant had failed to identify "any discrepancies," there was a discrepancy

5

between vocational expert's job descriptions requiring a maintained "production pace" and claimant's RFC for low-stress, sedentary work). This is consistent with the Eighth Circuit case law cited by Counts. *See Hulsey v. Astrue*, 622 F.3d 917, 923 (8th Cir. 2010) (no error to investigate because, although some interpretations of vocational expert's ambiguous job descriptions required a reasoning level higher than that noted in the RFC, other reasonable interpretations included jobs requiring only the reasoning level in the RFC).

In this case, there does appear to be a conflict between the DOT, which requires a reasoning level 2 for the positions cited by the vocational expert, and the hypothetical relied on in the vocational expert's testimony, in which the reasoning limitations are much more consistent with a reasoning level 1.

However, there is no reversible error because the record contains substantial evidence that the claimant can operate at a reasoning level 2. Dr. Smith, the medical consultant that assessed Counts's reasoning in terms consistent with a reasoning level 1 [R. 459], is not Counts's treating mental health provider. Dr. Brian Snider, a psychologist, conducted a consultative mental status examination of Counts roughly six weeks prior to Dr. Smith's. [R. 437]. Dr. Snider concluded "Mr. Counts would probably have little difficulty understanding and carrying out simple directions and his ability to understand, remember, and carry out complex instructions appears to [be] mildly to moderately impaired." [R. 439].

This conclusion by Dr. Snider provides substantial evidence that Counts can operate at reasoning level 2. An ability to follow simple instructions is consistent with reasoning level 1. An ability to follow instructions, without regard to their complexity, is consistent with reasoning level 3. In between, reasoning level 2 is consistent with an ability to carry out "detailed, but uninvolved" instructions. Dr. Snider's conclusion is consistent with a finding that Counts has

little difficulty at reasoning level 1, and would be mildly to moderately impaired at reasoning level 3. Based on Dr. Snider's conclusion, there is substantial evidence that Counts can perform at reasoning level 2. Because the record contains substantial evidence that Counts can perform at reasoning level 2, it is not reversible error that the ALJ did not fully resolve a conflict between the vocational expert's testimony and the DOT.

## V. Third-Party Testimony

Finally, Counts claims the ALJ committed reversible error by failing to consider the testimony of Counts's wife, Diane Counts, as contained in a third-party function report. [*See* R. 150-57]. Counts quotes the appropriate standard as articulated in *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996): "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Specific, written findings about the credibility of each witness are not necessarily required, particularly when the written decision reflects the ALJ considered the testimony. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).

Mrs. Counts reported her husband suffers from muscle and joint pain and occasionally loses sleep as a result. She also reported her husband is easily fatigued, which makes it difficult for him to do chores, and makes him slower at doing the chores he still performs, including laundry and household repairs. Mrs. Counts reported that she has to handle financial matters and generally take care of her husband, including feeding, walking, bathing, and occasionally using the toilet. She stated her husband does not prepare meals because he gets easily frustrated while doing so. She also reported Mr. Counts has difficulty concentrating and making decisions, and needs reminders to take his medicine. According to Mrs. Counts, her husband rarely leaves the home other than to take the family dog out for a daily walk. She noted that he can only walk a

7

block before needing to rest. Mrs. Counts stated her husband does not drive often, only occasionally going out to shop for home repair items, and fears driving or walking outside alone. She also noted that Mr. Counts watches TV, builds models, sometimes plays with and cares for their daughter, and wishes he could spend more time working on cars.

The ALJ's decision does not mention Mrs. Counts's third-party function report. However, the ALJ considered the limitations identified in that report. The ALJ noted that Counts gets fatigued while walking his dog, and only occasionally performs light chores. [R. 15]. The ALJ further notes that Counts has "neglected his self-care because of pain and fatigue." *Id*. The ALJ noted moderate difficulties in Counts's concentration, persistence and pace. *Id*. The ALJ notes that Counts is socially isolated and prefers not to drive because of pain. *Id*.

Mrs. Counts's report is not significantly probative, as it presented much of the same information contained in Mr. Counts's testimony. *See Brescia v. Astrue*, 287 Fed. Appx. 626, 630-31 (10th Cir. July 8, 2008) (no error for failing to mention specifically a third party report by claimant's sister that was "largely cumulative of [claimant's] testimony and written statements). Further, Mrs. Counts's function report is not "uncontroverted evidence." The ALJ rejected Mr. Counts's testimony because and to the extent it conflicted with the medical opinion evidence described in the RFC assessment. [R. 17]. Thus, the ALJ's failure to discuss Mrs. Counts's third-party function report specifically was not reversible error. *Clifton*, 79 F.3d at 1009 ("the ALJ must also discuss the *uncontroverted* evidence he chooses not to rely upon") (emphasis added).

## VI. Conclusion

For the reasons set forth above, Counts's Objection to the Magistrate Judge's Report and Recommendation [Dkt. #28] is overruled, the Magistrate Judge's Report and Recommendation [Dkt. #27] is adopted, and the decision of the Commissioner is affirmed.

ENTERED this 6th day of February, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT